RECEIVED
USDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
4 9 15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EVIE JACKSON (#103252) | DOCKET NO. 14-CV-3548; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| LONNIE SMITH, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Evie Jackson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 31, 2014 [Doc. #1]. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He names as defendants Lonnie Smith, Lt. Gibson, Officer Pike, Officer Hayes, Officer Brown, Capt. Coleman, Warden Pollick, Officer Lucas, Tim Keith, LPN Self, Director Marre, and CCA. He complains that he was subjected to excessive force and deprived of adequate medical treatment after the defendants intentionally beat him while he was restrained.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Law and Analysis*

On February 10, 2015, Plaintiff was ordered to amend his complaint to allege constitutional violations by Defendants Self and Marre, or dismiss those defendants, and to allege involvement by CCA or identify an unconstitutional policy implemented by CCA

that causally resulted in Plaintiff's injuries. Plaintiff's amended complaint was due by March 12, 2014. To date, Plaintiff has failed to comply with the Court's order or to request an extension of time within which to comply.

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See <u>Link v. Wabash R.R.Co.</u>, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988). Based on Plaintiff's failure to comply with the Court's order, dismissal under Rule 41 is appropriate.

*Conclusion*

Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b).

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being**

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 8th day of April, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE